IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONSTANTINO CORONEL MERAZ<br>　　*Plaintiff*, | §<br>§<br>§<br>§ |
| VS. | § CIVIL ACTION NO. 4:25-cv-3167 |
| | § |
| BIRD EXPEDITED, INC. AND<br>MESHAL NASER ALMAJEDI<br>　　*Defendants*. | §<br>§<br>§<br>§ |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Constantino Coronel Meraz ("Plaintiff") and files this First Amended Complaint complaining of and against Bird Expedited, Inc. ("Bird Expedited" or "Defendant") and Meshal Naser Almajedi ("Defendant Almajedi" or "Defendant") and would respectfully show the Court as follows:

**1.00    NATURE OF THE CASE**

1.01    This action arises from a motor vehicle collision that injured Plaintiff Constantino Coronel Meraz on or about June 3, 2024.

**2.00    PARTIES**

2.01    Plaintiff is a resident of Harris County, Texas.

2.02    Defendant Bird Expedited Inc. is a foreign corporation that has been served with process, filed an Answer and made a general appearance before this Court.

2.03    Defendant Meshal Naser Almajedi is a resident of Cook County, Illinois, has been served with process, filed an Answer and made a general appearance before this Court.

**3.00    JURISDICTION & VENUE**

3.01    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1332(a), based on the diversity of citizenship of the parties as described above. The amount in damages exceeds $75,000.00, exclusive of interest and costs.

3.02    This Court has at a minimum, specific personal jurisdiction over Defendants because Defendants' activities at issue are in the state of Texas – namely, their involvement in the events giving rise to this suit. At a minimum, the Court has specific personal jurisdiction over Defendants because Defendants' activities in the state of Texas led directly to their involvement in this suit, which gives rise to this action.

3.03    Venue is proper in this district under 28.U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. An original suit may be filed in any division of a district in which venue is proper.

**4.00    STATEMENT OF FACTS**

4.01    The collision occurred on June 3, 2024 in Harris County, Texas. Defendant Almajedi was operating a Freightliner tractor trailer while in the course and scope of his employment with Bird Expedited, Inc.

4.02    Plaintiff was operating a Ford pickup truck and stopped at the traffic light on Sam Houston Parkway in the middle straight, optional right-turn lane. At that time, Defendant Almajedi was waiting in the far right, right-turn-only lane. When the traffic light turned green, Plaintiff attempted to turn right onto E. Hardy Rd. At that time, Defendant Almajedi proceeded straight instead of turning right and struck Plaintiff's vehicle. Plaintiff suffered bodily injuries as a result of this accident.

**5.00    NEGLIGENCE OF MESHAL NASER ALMAJEDI**

5.01    As Defendant Almajedi operated his vehicle at the time of the incident, he had a duty to exercise ordinary care in the operation of the same, to drive the vehicle in a reasonable and prudent manner, and to abide by the provisions of Chapter 545 of the Texas Transportation Code. Defendant Almajedi negligently breached these duties in one or more of the following respects:

A. In failing to obey traffic signs and road markings;
B. In driving straight in a right-turn-only lane;
C. In failing to keep a proper lookout;
D. In failing to timely apply his brakes;
E. In failing to take proper evasive action;
F. In failing to keep said vehicle under reasonable and proper control; and
G. In failing to obey the statutes of the State of Texas, Federal Motor Carrier Safety Administration Regulations and the Illinois Commercial Motor Vehicle Drivers Handbook as they pertain to the operation of a motor vehicle.

5.02    Defendant Almajedi's negligence was a proximate cause of the collision, as well as the bodily-injury damages Plaintiff suffered as a result of his involvement in the collision.

**6.00    NEGLIGENCE OF BIRD EXPEDITED, INC.**

6.01    At the time of the incident, Meshal Naser Almajedi was operating a vehicle in the course and scope of his employment with Bird Expedited Inc. Bird Expedited Inc. is legally responsible to Plaintiff for the negligent conduct of Meshal Naser Almajedi under the legal doctrines of respondeat superior, agency and/or ostensible agency because Meshal Naser Almajedi was at all times material hereto an agent, ostensible agent, servant and/or employee of Bird Expedited Inc., and was acting within the course and scope of such agency or employment. As a result thereof, Bird Expedited Inc. is vicariously liable for all negligence of Meshal Naser Almajedi.

6.02    Bird Expedited Inc. was also negligent in its hiring, training, supervision, monitoring and retention of Meshal Naser Almajedi, including failing to provide him sufficient training regarding obey traffic signs and navigating in tight spaces. Such failure to properly vet Defendant Almajedi in the hiring process, providing him with sufficient training, supervise his

driving habits, particularly his skill and knowledge in safely changing lanes and navigating tight spaces, and monitoring his driving skill, proximately caused the collision and Plaintiff's injuries and damages.

6.03    Plaintiff pleads the foregoing facts and theories cumulatively and alternatively, with no election or waiver of rights or remedies.

**7.00    GROSS NEGLIGENCE OF DEFENDANTS**

7.01    Plaintiff would show that the actions of the Defendants individually, and/or by and through their agents, employees, vice-principals, management and officers set out in Sections 5.00 and 6.00, were heedless and reckless and evidence an entire want of care constituting an actual conscious indifference for the rights, safety and welfare of Plaintiff and others similarly situated. These heedless and reckless acts and/or omissions were done with an actual, subjective awareness of the risks involved and these risks, when viewed from the standpoint of an objective person, involved an extreme degree of risk due to the probability and magnitude of the potential harm to others. Furthermore, Plaintiff would show that the actions of the Defendants, individually, and/or by and through their agents, employees, vice-principals, management, and officers, set out in Sections 5.00 and 6.00 above, were performed with a flagrant disregard for the rights of others and with an actual awareness on the part of the Defendants that the acts would, in reasonable probability, result in human death or great bodily harm. Particularly, Defendant Almajedi recognized that he could not safely execute the lane change and there was an extreme risk in his tractor-trailer striking Plaintiff. Despite this knowledge of the extreme risk of his action, he proceeded to attempt the lane change anyway. These acts and omissions, on the part of the Defendant Almajedi, whether taken separately or together, were a proximate cause of the collision,

as well as the bodily-injury damages Plaintiff suffered as a result of his involvement in the collision.

7.02	As such, Plaintiff is entitled to recover exemplary/punitive damage as allowed by law for this conduct.

**8.00	DAMAGES**

8.01	Because of the actions and conduct of Defendants set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

8.02	Because of the nature and severity of the injuries Plaintiff sustained, he has suffered physical pain and disfigurement, mental anguish, physical impairment and lost wages, and in reasonable probability, will continue to suffer physical pain and disfigurement, mental anguish, and physical impairment into the future.

8.03	The injuries sustained by Plaintiff have required medical treatment in the past and, in reasonable probability, will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

8.04	Alternatively, if it is shown that Plaintiff prior to the occurrence had pre-existing medical, physical and/or psychological conditions, he has sustained aggravation of such pre-existing medical, physical and/or psychological conditions.  More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating.

8.05	Plaintiff has sustained physical damage to his motor vehicle and other personal

property, including cost of repairs; towing; cost of rental replacement or loss of use of the vehicle; and diminution in value of the fair market value of said property due to the collision.

8.06   The occurrence and conduct of Defendant, by and through its employees, has aggravated and accelerated such conditions and/or made Plaintiff more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries. Further, as a consequence of Plaintiff's injuries caused by Defendant, Plaintiff has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injuries resulting from the occurrence in question, and to the effects of subsequent stressors. He has also sustained additional mental anguish because of this increased vulnerability, which in reasonable probability he will experience for the remainder of their lives.

### 9.00   PRAYER

9.01   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

*[Signature Block on Next Page]*

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway
Houston, Texas 77034
Telephone:    (713) 349-1500
Facsimile:    (713) 432-7785


*/s/ Leena Joseph*
LEENA JOSEPH
State Bar No.: 24084374
ljoseph@millerweisbrod.com
HANNAH PARHAM
State Bar No.: 24110193
hparham@millerweisbrod.com

**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF CONFERENCE**

I certify that on the 19th day of August 2025, I conferred with counsel for Defendants via e-mail regarding Plaintiff's First Amended Complaint and he is unopposed.


*/s/ Leena Joseph*
LEENA JOSEPH

## **CERTIFICATE OF SERVICE**

I certify that on the 20th day of August 2025, a true and correct copy of the foregoing instrument was served on counsel of record:

**Via Electronic Service:**
Leland E. Bertrand
Wade R. Quinn
Macdonald Devin Madden Kenefick & Harris P.C.
777 Post Oak Blvd., Suite 700
Houston, Texas 77056
Telephone: (713) 570-9000
lbertrand@macdonalddevin.com
wquinn@macdonalddevin.com

**ATTORNEYS FOR DEFENDANTS**

*/s/ Leena Joseph*
LEENA JOSEPH